36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Don DOUGLAS, Defendant-Appellant.
 Nos. 93-2256, CR 93-70 LH.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1994.
 
 ORDER AND JUDGMENT[1]
 Before WHITE, Associate Justice (Ret.),[2] SEYMOUR, Chief Judge, and MOORE, Circuit Judge.
 
 
 1
 Donald Douglas appeals the district court's denial of his motion to suppress physical evidence and statements made by him. Mr. Douglas entered a conditional guilty plea to one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. 922(g)(1), 924(a)(2), and 924(e)(1). Mr. Douglas argues that the stop of the vehicle in which he was a passenger for a traffic violation was pretextual, and that no reasonable suspicion existed to stop the vehicle in order to conduct a robbery investigation. He also contends that statements he allegedly made to police were taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966). We affirm.
 
 
 2
 On the night of Mr. Douglas' arrest, Officer Keith Young was on routine patrol in the area of a Lotaburger restaurant that had been the target of several recent armed robberies. He observed Mr. Douglas walking at a fast pace in the middle of the street toward the restaurant. When Mr. Douglas saw the patrol car, he abruptly turned around and headed for a vehicle parked in the dark away from the restaurant parking lot. A driver was sitting in the car. Mr. Douglas got into the car and it immediately drove away. Officer Young followed the vehicle, noticing that it was traveling very cautiously and that the passenger appeared quite nervous. When both vehicles were stopped at a traffic light, Officer Young observed that the passenger had long, brown hair, a big bushy mustache and glasses. He realized that this description matched the description of an armed robbery suspect from earlier that day. Officer Young called for back-up and pulled the vehicle over. He advised the driver that he had a license plate light out and that the passenger matched the description of an armed robbery suspect.
 
 
 3
 As Officer Young and another officer who had arrived on the scene, Tom Boyd, were asking the driver and Mr. Douglas routine questions, a third officer, John Gimlet, looked through the windshield of the vehicle and saw a sawed-off shotgun under the front seat. Mr. Douglas and the driver were then placed under arrest. Officer Ryan, who was also assisting, read them their constitutional rights. Mr. Douglas stated that he did not waive his rights. Officer Young immediately stopped questioning him.
 
 
 4
 When they arrived at the police station, Detective Michael Calloway took over the investigation. He was told that Mr. Douglas had not waived his rights. After meeting with the officers and conducting a criminal history check, Detective Calloway informed Mr. Douglas that he was being arrested as a felon in possession of a firearm. Mr. Douglas asked about his brother, Cole Douglas, who was the driver of the car. Detective Calloway told him that his brother was being arrested on the same charge. Mr. Douglas then stated that both the gun and the car belonged to him and that he was willing to make a statement to that effect because he did not want his brother to get into trouble.
 
 
 5
 Mr. Douglas argues on appeal that the stop of the vehicle was pretextual and that Officer Young did not have reasonable suspicion to justify the stop. Under Terry v. Ohio, 392 U.S. 1 (1968), and subsequent cases, a police officer may briefly stop a moving automobile to investigate a reasonable suspicion that the occupants are engaged in criminal activity. United States v. Hensley, 469 U.S. 221, 226 (1985). In Hensley, the Supreme Court expanded this rule to apply to situations where police officers stop persons they suspect were involved in completed crimes. "[I]f police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a Terry stop may be made to investigate that suspicion." Id. at 229.
 
 
 6
 Officer Young stopped the Douglas' automobile because the passenger fit a description of an armed robbery suspect. In addition, he had just observed Mr. Douglas near the Lotaburger restaurant acting in a particular manner which he associated with the commission of an armed robbery. Thus, Officer Young had reasonable articulable suspicion to stop the Douglas' automobile and question Mr. Douglas. Because we so conclude, we need not address whether the stop was pretextual. See United States v. Guzman, 864 F.2d 1512, 1515 (10th Cir.1988).
 
 
 7
 Mr. Douglas next contends that his statements to Detective Calloway were taken in violation of Miranda because they were the product of police interrogation following the assertion of his right to counsel. Under Miranda, once a defendant has invoked his right to an attorney, all interrogation must cease until an attorney is present. 384 U.S. at 473-74. "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980)(footnote omitted).
 
 
 8
 The district court held that Mr. Douglas initiated the exchange with Detective Calloway which resulted in the incriminating statements, and that the statements were voluntary, knowing, and not the result of an interrogation. Rec., vol. III, at 106-07. We have reviewed the record, and we are not persuaded that this conclusion is erroneous. Mr. Douglas confessed after Detective Calloway told him what charges were being brought against him and his brother. Under these circumstances, the statements by Detective Calloway were not an interrogation but merely "those normally attendant to arrest and custody." Rhode Island v. Innis, 446 U.S. at 301.
 
 
 9
 Mr. Douglas' conviction is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Byron R. White, Associate Justice of the United Stats Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. 294(a)